UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                             No. 99-4806

FRANK LEON ROBINSON,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Aiken.
Joseph F. Anderson, Jr., District Judge.
(CR-98-523)

Submitted: June 30, 2000

Decided: July 24, 2000

Before WILKINS and KING, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Allen B. Burnside, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant. Jane Barrett Taylor, OFFICE OF THE
UNITED STATES ATTORNEY, Columbia, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Frank L. Robinson appeals his conviction entered on his guilty plea to possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) (1994). Robinson noted a timely appeal and his counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), in which he represents that there are no arguable issues of merit in this appeal. Nonetheless, in his brief, counsel addressed the possibility that the district court erred in sentencing Robinson as a career offender. See USSG § 4B1.1. Counsel also suggested that the district court erred in declining to depart downward based on Robinson's physical limitations. See USSG § 5H1.4. Robinson filed a supplemental brief in which he contends that the district court erred in denying Robinson's motion to appoint replacement counsel and advancing numerous claims of ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 688 (1984). Finding no reversible error, we affirm Robinson's conviction and sentence. To the extent that Robinson challenges the district court's decision not to grant a downward departure, the appeal is dismissed.

Robinson first suggests that the district court erred in sentencing Robinson as a career offender under USSG § 4B1.1. Robinson contends that the district court should not have counted his 1981 South Carolina housebreaking conviction as a predicate"crime of violence" under § 4B1.2(a)(2). Cf. S.C. Code Ann. § 16 11-320 (Law. Co-op. 1985) (repealed 1985).* However, the determinative issue is whether there is a substantial risk that physical force may be used not whether the offense is described as burglary or house breaking. See United States v. Raynor, 939 F.2d 191, 196 (4th Cir. 1991). That substantial

_____

*In 1985, the South Carolina Legislature amended the state's definition of burglary to include breaking and entering a dwelling during the day. See S.C. Code Ann. § 16-11-310 (Law. Co-op. Supp. 1999).

risk arises when, as in Robinson's case, the defendant is convicted of breaking into a building that is used as a dwelling. See id. Accordingly, Robinson's housebreaking conviction is properly described as a "crime of violence" for the purposes of§ 4B1.1. The district court did not err in sentencing Robinson as a career offender.

Counsel also suggests that the district court's refusal to depart from the Sentencing Guidelines range in recognition of Robinson's physical disability was error. A district court's decision not to depart from the Guidelines is not subject to appellate review unless the court's decision is based on the mistaken belief that it lacked the authority to depart. See United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990). The record establishes that the court fully considered Robinson's assertions regarding his physical limitations but nonetheless found that Robinson's impairments were not "extraordinary" and did not warrant a departure from the Guidelines range. See USSG § 5H1.4. The court's decision is not subject to appellate review. That portion of the appeal will be dismissed.

In his pro se supplemental brief, Robinson contends that the district court abused its discretion in denying his motion for substitution of counsel. See United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988). Our review of the record, including the transcript of the hearing on the motion and the district court's order denying Robinson's request, reveals no abuse of the court's discretion. See id. Robinson also suggests that his counsel did not provide him with constitutionally adequate assistance. See Strickland, 466 U.S. at 688. However, a claim of ineffective assistance of counsel is only appropriate on direct appeal where counsel's ineffectiveness is apparent from the face of the record. See United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992). Because there is no error of this magnitude discernible from the record, we note that Robinson's allegations are better suited for a motion under 28 U.S.C.A. § 2255 (West Supp. 2000). See United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991).

As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no non-frivolous grounds for this appeal. Pursuant to the plan adopted by the Forth Circuit Judicial Council in implementation of the Criminal Jus-

3

tice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by the client to do so, counsel should prepare a timely petition for writ of certiorari, unless counsel believes that such a petition would be frivolous. In that case, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

Robinson's conviction and sentence are affirmed. The portion of this appeal challenging the district court's decision not to grant a downward departure is dismissed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, DISMISSED IN PART

4